IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-028  RP |
| KIMBERLY KAY MONTEZ, ET AL., | § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is the Amended Joint Motion for Default Judgment against Harold Ranly and for Entry of Final Judgment (Dkt. 25), filed June 13, 2016 by Cross-Plaintiffs Susan Webb, Drew Meadows, Kimberly Montez, and the Scanio-Harper Funeral Home ("Cross-Plaintiffs"). After a review of the motion and the submissions in this case, the Court issues the following order.

## I. Background

This case was originally brought by Metropolitan Life Insurance Company ("MetLife") on February 11, 2016. MetLife sought to have the Court determine who was entitled to the life insurance benefits of Karen Meadows ("Decedent"), who died on May 16, 2015. MetLife submitted with its complaint documentation of completed claims for death benefits from Decedent's children, each of whom is a cross-plaintiff, (Compl. ¶¶ 16–18), and Harold Ranly, who "indicated that his relationship with [Decedent] was 'widower,' and [that] the marriage was a common law marriage." (Compl. ¶ 19). MetLife also submitted documentation that one of the cross-plaintiffs, Drew Meadows, "executed an assignment, purporting to assign a portion of the . . . benefits to Scanio-Harper Funeral Home." (Compl ¶ 15).

Webb, Meadows, and Montez filed a claim against Ranly on April 27, 2016. (Dkt. 13). Summons was issued as to Ranly the same day. (Dkt. 15). The Scanio-Harper Funeral Home filed a claim against Ranly on May 6, 2016. (Dkt. 17). On April 28, 2016, MetLife filed an unopposed motion to deposit the benefits with the court, and for discharge with prejudice. (Dkt. 16). The Court granted MetLife's motion on May 18, 2016. (Dkt. 19). Now before the Court is Cross-Plaintiffs' motion for default judgment against Ranly, filed June 13, 2016 (Dkt. 25).

## II. Legal Standard for Default Judgment

In the Fifth Circuit, three events must occur before a party may obtain a default judgment: (1) default; (2) entry of default; and (3) entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise." *Id.* Only after an entry of default may the party claiming entitlement to a judgment by default move the Court for entry of default judgment. *Id.*

## III. Entry of Default

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Where there is no entry of default, the Court may not consider a motion for default judgment. *New York Life Ins.*, 84 F.3d at 141; *Jefferson v. La. Dep't of Pub. Safety & Corrections*, 401 F. App'x. 927, 929 (5th Cir. 2010) (explaining that after the clerk enters default, the court may consider a motion for default judgment).

In this case, Cross-Plaintiffs have moved for default judgment against Ranly, but there has been no entry of default. Further, Cross-Plaintiffs have not yet demonstrated that they are entitled to entry of default against Ranly. "[A] pleading that asserts a new claim for relief against . . . a party

must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Cross-Plaintiffs have filed two pleadings, on April 27, 2016 and May 6, 2016, that assert their claims for relief against Ranly, but have submitted no proof of service or waiver of service to this Court pursuant to Rule 4. While Cross-Plaintiffs allege in their motion for default judgment that "Ranly was served with process on April 27, 2016," (Dkt. 25 ¶ 3), they have not submitted proof of this service to the Court. Further, nowhere in their motion do Cross-Plaintiffs even allege that Ranly has been served with the Scanio-Harper Funeral Home's claims. Thus, the Court dismisses without prejudice Cross-Plaintiffs' motion for default judgment against Ranly.

### IV. Conclusion

The Cross-Plaintiffs' Motion for Default Judgment against Defendant Harold Ranly and for Entry of Final Judgment (Dkt. 25) is **DISMISSED** without prejudice.

**SIGNED** on June 15, 2016.

```
                                    _____
                                    ROBERT PITMAN
                                    UNITED STATES DISTRICT JUDGE
```